**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff–Appellee**

v.

**Wolfgang REPKE; John P. Bodnar, Defendants–Appellants.**

No. 07–15526.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Nov. 25, 2008.

Riley Clayton, Esquire, Hall Jaffe & Clayton, LLP, Las Vegas, NV, for Plaintiff–Appellee.

Eric A. Daly, Esquire, Las Vegas, NV, for Defendants–Appellants.

Before: BRUNETTI, ROTH *, and CLIFTON, Circuit Judges.

MEMORANDUM **

Wolfgang Repke appeals the denial of his motion for summary judgment and the grant of the counter-motion for summary judgment in favor of State Farm Fire & Casualty Co. At issue in this case for declaratory judgment is the interpretation of two provisions of Nevada law as they apply to a Personal Liability Umbrella Policy (PLUP) that Repke purchased from State Farm, naming himself and John

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Bodnar as insureds. The district court held that the requirements of NRS 687B.147 do not apply to PLUPs and that NRS 687B.440 does not require all named insureds in a PLUP to acknowledge in writing the exclusion of uninsured/underinsured (UM/UIM) motorist coverage. We assume the parties' familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision. For the reasons given below, we affirm the judgment of the district court.[1]

█ The district court first applied Nevada rules of statutory interpretation to determine the meaning of the phrase in NRS 687B.147, "[a] policy of motor vehicle insurance covering a private passenger car." The district court looked to similar statutes and determined that umbrella policies are not policies of motor vehicle insurance covering private passenger cars, relying in particular on NRS 485.055 and NRS 687B.145. As such, State Farm was not obligated under Nevada law to provide Repke an opportunity to reject any limitations on coverage when he obtained his PLUP. We agree with the district court that the named insured exception in the policy validly bars Bodnar's recovery for his injuries under the PLUP.

█ The district court next held that NRS 687B.440 does not require the signatures of all named insureds to acknowledge the exclusion of UM/UIM coverage in the PLUP. Relying on NRS 690B.020 for interpretive guidance and on several state court cases from outside of Nevada, the district court held that the signature of one named insured could bind all named insureds. The court reasoned that if one insured can enter into a contract for the benefit of himself and others, then the others should be bound by the express limitations of that contract. Traditional agency principles support this position.[2] Consequently, the district court did not err in holding that Repke's signature rejecting UM/UIM coverage could bind Bodnar.

We also reject Repke's additional claims that there are genuine issues of material fact barring summary judgment.

We conclude the district court properly granted summary judgment in favor of State Farm. Accordingly, we AFFIRM the judgment of the district court.

---

1. We review a district court's order granting summary judgment de novo. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1184 (9th Cir.2006). Therefore, we will use the same standard the district court used under Federal Rule of Civil Procedure 56(c). *Id.* at 1185.

2. A principal can ratify an agent's prior act "by taking a position in litigation that is warranted only by consent to be bound by the act." Restatement (Third) of Agency § 4.01 cmt. h (2006). Moreover, "[a] person may not, by ratifying an act, obtain its economic benefits without bearing the legal consequences that accompany the act." *Id.* § 4.07 cmt. b.