ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Plaintiff Matthew Martin was a driver for non-party Raiser, LLC, which is more *1188 commonly known as the ridesharing company Uber. Martin was in a car accident while he was logged into the Uber software application, but he was not in route to pick up a passenger and he did not have a passenger in his car. Martin sought underinsured/uninsured motorist (UIM) coverage under his own insurance policy, but his insurer refused to pay the full policy limit because Martin was providing transportation services at the time of the accident. Martin then sought coverage under Raiser's policy with defendant James River Insurance Company. James River denied UIM coverage because Raiser waived the UIM coverage under the James River policy. Martin sues for a declaration that James River must provide UIM coverage.
James River moves to dismiss, arguing that under the applicable Nevada statutes, Raiser could and did waive UIM coverage for all insureds under the policy. Martin responds that even though Raiser is listed as the named insured, it does not fall within the policy's definition of an insured and so could not waive the UIM coverage. Rather, Martin contends, Martin and other Uber drivers are the insureds and so any waiver must be obtained from each driver. Alternatively, Martin requests relief under Federal Rule of Civil Procedure 56(d) to conduct further discovery.
I grant James River's motion. Raiser is the named insured on the policy and, as such, could waive the UIM coverage for all other insureds under the policy. I deny Martin's Rule 56(d) request because that rule does not apply at dismissal, and even if it did, Martin has not shown how further discovery would change the result in this case.
I. ANALYSIS
In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc. , 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. See Clegg v. Cult Awareness Network , 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. Bell Atl. Corp. v. Twombly , 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. at 555, 127 S.Ct. 1955.
Nevada law requires transportation network companies like Uber (either alone or in combination with its drivers) to "continuously provide, during any period in which the driver is providing transportation services, transportation network company insurance ... for the payment of tort liabilities arising from the maintenance or use of the motor vehicle." Nev. Rev. Stat. § 690B.470(1). In addition to this required tort liability insurance, the transportation network company insurance policy may, but does not have to, include UIM coverage. Nev. Rev. Stat. § 690B.470(5). UIM coverage may be "rejected in writing, on a form furnished by the insurer describing the coverage being rejected, by an insured named therein." Nev. Rev. Stat. § 690B.020(1).
Under Nevada law, a named insured's waiver of insurance coverage binds all other insureds. Hartz v. Mitchell , 107 Nev. 893, 822 P.2d 667, 670 (1991) (holding that a rental company's rejection of UIM coverage applied to the lessee of the vehicle even if the lessee was unaware of that rejection); see also State Farm Fire & Cas. Co. v. Repke , No. 2:06-cv-00366-JCM-RJJ, 2007 WL 7121693, at *6-7 (D. Nev. Feb. 27, 2007), aff'd, *1189 301 F. App'x 698 (9th Cir. 2008) (holding that the named insured's rejection of UIM coverage in an umbrella policy waived the right to such coverage for the other named insured). As the court explained in Repke , "[i]f one insured is able to enter into a contract for the benefit of himself and others, then the other insureds should also be bound by the express limitations of that contract." Repke , 2007 WL 7121693, at *6.
The policy identifies Raiser as a named insured.[1] ECF No. 8-1 at 2, 5. Raiser signed a form provided by James River that rejected UIM coverage under the policy. ECF No. 8-2. The policy's schedule of coverages and covered autos thus states that UIM coverage is not provided. ECF No. 8-1 at 2, 5. Because Raiser is the named insured and it waived UIM coverage for itself and all other insureds, Martin is not entitled to UIM coverage under the James River policy as a matter of law. Martin's position that Raiser is not an insured is belied both by the policy naming Raiser as an insured and by Nevada law, which imposes on an insurer who provides transportation network company insurance "a duty to defend and indemnify the driver and the transportation network company." Nev. Rev. Stat. § 690B.470(7). I therefore grant James River's motion to dismiss with prejudice.
Martin requests that I defer a ruling under Rule 56(d). Martin states that he would like to conduct discovery on three topics: (1) James River's policies and procedures for collecting or obtaining UIM waivers; (2) Raiser's application process for drivers; and (3) the authority of the person who signed the UIM waiver for Raiser.
" Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.' " Michelman v. Lincoln Nat'l Life Ins. Co. , 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d) ). A party seeking Rule 56(d) relief bears the burden of showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp. , 525 F.3d 822, 827 (9th Cir. 2008).
When confronted with a Rule 56(d) motion, I may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Whether to grant relief under this rule lies within my discretion. Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation , 323 F.3d 767, 773 (9th Cir. 2003).
Rule 56(d) applies to summary judgment, not dismissal. But even if I considered this request, Martin has not identified the specific facts he hopes to elicit from further discovery or that the facts sought exist. He also has not explained how further discovery would change the fact that Raiser waived the UIM coverage. Only the third category might be relevant if there was some basis to suspect that the person who signed the waiver lacked the authority to do so. But there is no such allegation in the complaint and Martin *1190 does not state that he has some basis to suspect that the signatory lacked that authority. I therefore deny Martin's request for Rule 56(d) relief.
II. CONCLUSION
IT IS THEREFORE ORDERED that defendant James River Insurance Company's motion to dismiss (ECF No. 7 ) is GRANTED . The clerk of court is instructed to enter judgment in favor of defendant James River Insurance Company and against plaintiff Matthew Martin.

I may consider the policy and Raiser's waiver of UIM coverage without converting James River's motion into one for summary judgment because these documents' "authenticity ... is not contested and the plaintiff's complaint necessarily relies on them." Lee v. City of Los Angeles , 250 F.3d 668, 688 (9th Cir. 2001). Martin seeks declarations as to UIM coverage under the policy and the effectiveness of Raiser's waiver.